# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

NATHANIEL PETERSON,

               Plaintiff,

v.

JAMES B. CHRISTIE,
TERRY PHELPS, and
TRIPOLI TEMPLE, INC.,

               Defendants.

Case No. 15-CV-243-JPS

ORDER

      The plaintiff, Nathaniel Peterson, filed this action on March 4, 2015. (Docket #1). The Court thereafter ordered Mr. Peterson to file an amended complaint. (Docket #4). Mr. Peterson failed to timely do so; therefore, the Court dismissed the action without prejudice. (Docket #5, #6). Several days later, Mr. Peterson filed a motion to reopen the case, claiming that he had not received the Court's order requiring an amended complaint. (Docket #7). According to Mr. Peterson, his alleged failure to receive the order was the result of the Clerk of Court sending the order to the wrong address. (Docket #7). The Court, therefore, ordered the Clerk to correct Mr. Peterson's address and reopened the case. (Docket #8). In reopening the case, the Court again ordered Mr. Peterson to file an amended complaint. (Docket #8). The Court gave Mr. Peterson ample time to do so—it had originally ordered that he file his amended complaint within 14 days; but the Court gave Mr. Peterson almost 28 days to file his complaint. (*See* Docket #8, #9). Nonetheless, Mr. Peterson did not timely file his amended complaint, so the Court again dismissed his case without prejudice. (Docket #9, #10).

      Now, a month-and-a-half later, Mr. Peterson has *again* moved to reopen his case. (Docket #11). This time he requests that the Court reopen his

case "due to the hardship that has been place upon [him] to present a faultless case of racial discrimination; where even the time constraints created a hardship." (Docket #11 at 1). His most concrete complaint is that "[t]here was information that [he] did not receive in a timely fashion; therefore information was out of order, which resulted in yet another hardship." (Docket #11 at 2). Mr. Peterson does not specify which, if any, information he received out of order or how it impacted his ability to timely file an amended complaint. Indeed, he should have been on notice that he needed to file an amended complaint the last time he moved to reopen his case—he clearly received the order dismissing his case for failure to amend his complaint, because that order is what prompted him to file his first motion to reopen. And, after the Court reopened the case, all notices therein were sent to the corrected address provided by Mr. Peterson. In any event, Mr. Peterson had a duty to remain up to date on his case—and he failed to satisfy that duty. He is late, even in filing his motion to reopen his case; rather than immediately request that the Court reopen his case, Mr. Peterson waited more than a month.

In any event, Mr. Peterson has not provided any legal basis for the Court to reopen his case. Perhaps Mr. Peterson is requesting reconsideration of the Court's previous dismissal; reconsideration is not warranted. Mr. Peterson filed his motion to reopen more than 28 days after entry of judgment, so the Court must analyze it under Rule 60(b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 59(e), 60(b); *Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666–67 (7th Cir. 2014). Relief under Rule 60(b)(6) is an "'extraordinary remedy'" to "be granted only in 'exceptional circumstances.'" *Banks*, 750 F.3d at 668 (quoting *Bakery Machinery & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009);

citing *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). Mr. Peterson does not present any exceptional circumstances that justify the extraordinary remedy of relief under Rule 60(b)(6), nor does he allege that any of the other grounds in Rule 60(b) apply. At worst, he received docket entries from the Court out of order; if that occurred, he still had all information that the Court sent and could have requested that the Court reopen the case much earlier. Simply put, he does not offer any basis for relief.

Finally, the Court points out that its dismissal of Mr. Peterson's case was without prejudice; thus, he can still file his case again if he believes that his case is meritorious. The Court simply will not reopen this case for a second time to allow him to file an amended complaint. Too much time has passed and the better course of action is to require Mr. Peterson to start fresh in a new case, if he wishes to do so.

Accordingly,

IT IS ORDERED that Mr. Peterson's motion to reopen this case (Docket #11) be and the same is hereby DENIED.

Dated at Milwaukee, Wisconsin, this 28th day of July, 2015.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge